ORTIZ, RECURRENTE, *v.* EL REGISTRADOR DE LA PROPIEDAD, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Germán, denegando la cancelación en parte de una hipoteca que garantizaba pagarés a la orden.

No. 184.—Resuelto en agosto 1, 1914.

CANCELACIÓN DE HIPOTECAS—PAGARÉS A LA ORDEN GARANTIZADOS CON HIPOTECA—DESTRUCCIÓN DE UNO DE LOS PAGARÉS—PROCEDIMIENTO JUDICIAL PARA JUSTIFICARLO.—De acuerdo con el artículo 82 de la Ley Hipotecaria, cuando se extravía un pagaré al portador garantizado por hipoteca, y por analogía cuando el tenedor del mismo lo destruye por equivocación, es necesario promover un expediente judicial ante una corte para justificar dichos actos y presentar copia certificada de la resolución al registrador de la propiedad para que pueda cancelarse la hipoteca en cuanto garantiza el importe del pagaré extraviado o destruído.

    Los hechos están expresados en la opinión.
    Abogado del recurrente: *Sr. Benito Forés.*
    El Registrador Sr. Rafael B. Sama compareció por escrito en nombre propio.

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

El recurrente presentó para su inscripción en el Registro de la Propiedad de San Germán una escritura en la cual entre otras cosas se expresaba que se cancelaba totalmente la hipoteca establecida en aseguramiento de nueve pagarés pagaderos a la orden, ocho de los cuales habían sido presentados al notario para su cancelación y fueron debidamente cancelados por éste, conteniendo dicha escritura la siguiente cláusula aclaratoria en cuanto al pagaré del primer plazo, a saber:

"Haciéndose constar por acreedor y deudor que la causa de no exhibirse igualmente el pagaré correspondiente al primer plazo, es por haberse roto por el deudor bajo la ignorancia que tenía de la necesidad de conservarlo; pero asegurando haberse satisfecho en su totalidad."

La nota puesta por el Registrador a la referida escritura es como sigue:

"Hecha parcialmente la cancelación de hipoteca a que se refiere este documento, por lo que respecta a la finca de 22 cuerdas y a los ocho últimos plazos, al folio 106 del tomo 34 del ayuntamiento de esta ciudad, finca número 1002, inscripción 3ª.; y denegada la cancelación en cuanto al primer plazo por no acompañarse la declaración judicial de quedar sin efecto el pagaré correspondiente al mismo, según previene el artículo 82 de la Ley Hipotecaria, tomándose en su lugar la anotación por ciento veinte días que determina la ley, en el propio asiento arriba citado. San Germán, abril 14, de 1914."

El artículo 82 de la Ley Hipotecaria en parte dice lo siguiente:

"Artículo 82.—Las inscripciones o anotaciones preventivas hechas en virtud de escritura pública, no se cancelarán sino por providencia ejecutaria contra la cual no se halle pendiente recurso de casación, o por otra escritura o documento auténtico en el cual exprese su consentimiento para la cancelación la persona a cuyo favor se hubiese hecho la inscripción o anotación, o sus causa-habientes o **representantes legítimos.** \* \* \*.

"Las inscripciones hechas para responder de cantidades representadas por títulos trasmisibles por endoso, se cancelarán presentándose la escritura otorgada por los que hayan cobrado los créditos, en la cual debe constar haberse inutilizado en el acto de su otorgamiento los títulos endosables, o solicitud firmada por dichos interesados y por el deudor, a la cual se acompañen, taladrados, los referidos títulos. Si algunos de ellos se hubiesen extraviado, se presentará con la escritura o con la solicitud, testimonio de la declaración judicial de no tener efecto. El registrador deberá segurarse de la identidad de las firmas y de las personas que hubiesen hecho la solicitud.

"Las inscripciones hechas para responder de cantidades representadas por títulos al portador no podrán cancelarse cuando no pueda acreditarse en el registro la extinción de todas las obligaciones aseguradas, sino presentándose testimonio de la declaración judicial de quedar extinguidas dichas obligaciones. * * *."

El objeto de la ley es demasiado simple para que exija explicación alguna y el lenguaje en que está redactado el artículo es también muy claro y explícito para que deba ser interpretado. Con el fin de que los instrumentos negociables puedan responder al objeto que con ellos se trata de alcanzar, los intereses de sus tenedores deberán estar debidamente protegidos. El comprador de un pagaré garantizado con hipoteca que está debidamente inscrita en el Registro debe estar seguro de que al proceder a la ejecución no encontrará que su hipoteca ha sido cancelada en el registro y que su documento no tiene valor alguno debido a la conspiración de las partes en la transacción original o por algún otro motivo. La ley con tal fin enumera específicamente los varios y distintos metodos por los cuales, y de acuerdo con las circunstancias peculiares del caso en particular, puede obtenerse en el registro la cancelación de tales gravámenes y por deducción necesaria excluye todos los demás, al menos en lo que respecta a cualquier caso que esté claramente comprendido en cualquiera de las diferentes clases que se determinan. Los instrumentos negociables deben presentarse para su cancelación al notario ante quien se otorga el documento en que se cancela la hipo-

teca, inutilizándose al propio tiempo o se presentarán al registrador acompañados de una petición firmada conjuntamente por el deudor y los acreedores a quienes se haya satisfecho el dinero, debiendo aparecer de su faz que han sido cancelados, o de haberse extraviado, el documento notarial de cancelación o petición, según sea el caso, deberá acompañarse con la correspondiente copia de la declaración judicial de donde aparezca que el documento extraviado no tendrá más efecto o valor. Nada se expresa con respecto a cualquier facultad judicial o cuasi judicial que pueda tener el notario o el registrador para resolver esta cuestión a que hemos hecho referencia últimamente y el requisito de la copia certificada de la declaración judicial les priva tan eficazmente de semejante facultad como si en la ley existiera una prohibición expresa en este sentido.

El apelante insiste, sin embargo, en que el presente caso no está comprendido en las prescripciones del estatuto pues el documento en cuestión no había sido extraviado sino que fué destruído. Ese hecho, si lo es, sugiere meramente una distinción sin establecer una diferencia. *Ubi eadem ratio ibi idem jus; et de similibus idem est judicium:* Donde hay la misma razón existe la misma ley. El documento notarial, sin embargo, solamente prueba que los otorgantes hicieron una declaración solemne pero no determina la verdad o falsedad de tal declaración. Esta es una cuestión, como ya hemos sugerido, cuya resolución incumbe a los tribunales; el notario ni tenía competencia para resolver la cuestión ni establece conclusión alguna respecto a ella.

Debe confirmarse la nota puesta por el registrador.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.